87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Craig WATSON, Plaintiff-Appellant,
v.
CITY OF LONG BEACH; Robert Correia; Richard Hieb,
Defendants-Appellees,
and
John F. Watkins, Defendant.
 No. 94-56357.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1996.
Decided June 18, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Plaintiff Craig Watson filed this action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by individual police officers and the City of Long Beach ("the City") when he was shot nine times by City police officers. Watson also asserted state law claims for battery, negligence, and intentional infliction of emotional distress. The district court granted summary judgment in favor of the City, held the officers entitled to qualified immunity, and dismissed the remaining, state-law claims.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We must decide: (1) whether the district court erred in finding that the police officers' use of deadly force was reasonable under the circumstances, (2) whether the district court erred in finding that Watson failed to make a proper Monell claim, see Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), and (3) whether the district court erred in dismissing Watson's state law claims, either on the merits or because no federal issue remained before the court. Because we agree with the district court's legal conclusions drawn from those facts that were uncontroverted, we affirm.
 
 II.
 
 4
 We will not repeat the facts here because the parties are familiar with them. Watson alleged in his complaint that the officers' use of force violated his rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. The gravamen of his complaint was that he was subjected to an unreasonable seizure by the officers. See Graham v. Connor, 490 U.S. 386 (1989) (claim of excessive force attending arrest must be analyzed under Fourth Amendment objective reasonableness standard).
 
 
 5
 The district court dismissed the claims against City police officers Robert Correia and Richard Hieb, holding that they were entitled to the defense of qualified immunity. The district court correctly recognized that, if Correia's and Hieb's use of deadly force was objectively reasonable, which would mean that they did not violate Watson's constitutional rights, then Correia and Hieb are necessarily entitled to qualified immunity. See Hopkins v. Andaya, 958 F.2d 881, 885 n. 3 (9th Cir.1992).
 
 
 6
 Under the facts of the case at bar, the officers acted reasonably in using deadly force. See Scott v. Henrich, 39 F.3d 912, 915 (9th Cir.1994), cert. denied, 115 S.Ct. 2612 (1995) (holding that defendants may prevail on summary judgment "if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances"). Watson fit the description of the suspects who were said to be armed and apparently preparing an ambush, according to the report from the dispatcher. After the officers joined the perimeter surrounding the area in which the suspects had been reported, they heard a gunshot followed by an officer's radio report that a suspect was running from the area with a shotgun. They then heard two more gunshots. The officers then saw Watson running down a poorly lit alley toward them. He was running very fast but in an odd manner. He did not stop when ordered to do so by the officers. It was then that the officers fired several times each as Watson ran toward them.
 
 
 7
 These facts satisfy the Graham and Garner tests for what constitutes permissible use of deadly force. See Graham v. Connor, 490 U.S. 386, 396 (1989) (holding that reasonableness of force "judged from the perspective of a reasonable officer on the scene"); Tennessee v. Garner, 471 U.S. 1, 3 (1985) (holding that deadly force should be used to prevent escape of "apparently unarmed suspected felon" only if necessary to prevent escape and "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others"). The undisputed facts establish that Watson was suspected of involvement in a serious felony offense, he posed an immediate threat to the officers, and he was evading arrest by failing to stop when ordered to do so. See Graham, 490 U.S. at 396. Furthermore, use of deadly force may have been necessary to prevent escape, and the officers had probable cause to believe that Watson posed a significant threat of death or serious physical injury to themselves. Garner, 471 U.S. at 3. The district court did not err in finding the officers' actions to be objectively reasonable, and therefore not a violation of Watson's constitutional rights.
 
 III.
 
 8
 We review de novo the district court's grant of summary judgment for the City. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 9
 To maintain a § 1983 claim against the City, Watson had to allege that the officers' unconstitutional conduct implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City's officials. Monell, 436 U.S. at 690. Because we have concluded that the undisputed facts established that there was no constitutional violation by the officers, the City is not liable. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam) (holding that if plaintiff suffered no constitutional injury "at the hands of the individual police officer," then municipality not liable for damages).
 
 IV.
 
 10
 The district court expressly found that the officers had not committed a battery against Watson. Because the uncontroverted facts established that the officers acted from objectively reasonable fears for their safety, their actions were privileged as a matter of California law. See Gilmore v. Superior Court, 230 Cal.App.3d 416, 281 Cal.Rptr. 343 (1991). The district court accordingly did not err in dismissing the battery claim.
 
 
 11
 It is not clear from the record on what ground the district court dismissed the remaining state law claims. We assume, therefore, that the claims were dismissed without prejudice because no federal claims remained before the court. Dismissal on that ground was proper. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (stating that when federal claims are dismissed before trial, then state claims should be dismissed as well).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3